HODGES <em>v.</em> HOOPER, solicitor-general.

BECK, J.    1. Under the evidence in the record the court below was authorized to find that the acts of the defendant complained of amounted to a public nuisance, and there was no abuse of discretion in granting an injunction to restrain a continuance of the same.

2. A court of equity has jurisdiction, at the instance of the solicitor-general, to restrain, by injunction, the continuance of a public nuisance. *City Council* v. *Reynolds,* 122 *Ga.* 754 (50 S. E. 998, 69 L. R. A. 564, 106 Am. St. R. 147).          *Judgment affirmed. All the Justices concur.*

Argued January 18,—Decided July 1, 1909.

Injunction. Before Judge Littlejohn. Sumter superior court. December 10, 1908.

The nuisance complained of consisted in the use of a steam traction engine for drawing from two to four trucks and wagons loaded with lumber, upon the public highway from a sawmill into the city of Americus, a distance or six or seven miles. There was conflicting testimony as to whether this use of the public road was extraordinary and unusual, and as to whether the defendant acted by permission of the county authorities. The court held that such use constituted a public nuisance, and granted an injunction against its continuance.

*W. P. Wallis,* for plaintiff in error.    *J. A. Hixon, F. A. Hooper,* and *J. R. Williams, solicitor-general,* contra.